|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

DAVID R. PETE, §
§
    *Plaintiff*, §
§
*versus* §
§ CIVIL ACTION NO. 1:24-CV-00476-MAC
UNITED STATES ATTORNEY §
GENERAL and UNITED STATES §
ATTORNEY FOR THE EASTERN §
DISTRICT OF TEXAS, §
§
    *Defendants*. §

## MEMORANDUM AND ORDER ADOPTING THE REPORT
## AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

    Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

    On June 12, 2025, the magistrate judge issued a Report and Recommendation (#22) advising the court to: (1) dismiss this case without prejudice, *sua sponte*, because Plaintiff David R. Pete failed to identify a valid waiver of sovereign immunity, thus depriving the court of subject matter jurisdiction; (2) deny Pete leave to amend his complaint because of this jurisdictional divesture; and (3) deny as moot Pete's Motion for Default Judgment (#13) and Motion to Compel Ruling on Default Judgment Request (#17).

### I. Plaintiff David R. Pete's Objections (#24) to the Report and Recommendation (#22) are Overruled

On June 13, 2025, Pete filed timely objections (#22) to the Report and Recommendation (#24). A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

The magistrate judge found that Pete had not identified a valid waiver of sovereign immunity to sue the United States Attorney General and United States Attorney for the Eastern District of Texas in their official capacities. (#22 at 6–9.) The result of which was Pete's further failure to demonstrate subject matter jurisdiction. (*Id.*) Pete's "objection" to this finding is frivolous because he apparently agrees that the court lacks subject matter jurisdiction over the case. Apart from not addressing the issue of sovereign immunity, Pete confusingly argues that the complaint does not establish either federal question or diversity jurisdiction, but "instead asserts claims against federal officials without alleging any statutory or constitutional basis." (#24 at 1.) What to make of this statement the court is not sure, except as a tacit admission that the case is not properly before the court, especially when considered with Pete's other assertion

that the magistrate judge "disregard[ed]" Rule 12(h)(3)'s mandate of dismissal in the absence of subject matter jurisdiction. (*Id.*) The magistrate judge did no such thing; rather, she correctly found that the court lacks subject matter jurisdiction because Pete failed to identify a valid waiver of sovereign immunity. For this reason, the magistrate judge's unobjected-to finding that Pete should be denied leave to amend his complaint is also correct.

As for the magistrate judge's recommendation to deny as moot the Motion for Default Judgment (#13) and Motion to Compel Ruling on Default Judgment Request (#17), Pete's "objection" is nothing more than a list of federal statutes and case law with no factual application, or acceptance of the fact that the court has no subject matter jurisdiction. The magistrate judge adeptly explained to Pete why the pending motions are moot in light of a Rule 12(h)(3) dismissal. (#22 at 10–12.)

## II.   Order

The court has conducted a *de novo* review of Plaintiff David R. Pete's objections (#24) consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). For the foregoing reasons, Plaintiff David R. Pete's objections (#24) are **OVERRULED**. The Report and Recommendation of the United States Magistrate Judge (#22) is **ADOPTED**.

Pursuant to Rule 12(h)(3), Plaintiff David R. Pete's claims are **DISMISSED WITHOUT PREJUDICE** and Plaintiff David R. Pete is **DENIED** leave to amend his complaint. The Motion

for Default Judgment (#13) and Motion to Compel Ruling on Default Judgment Request (#17) are **DENIED AS MOOT**.

**Signed this date**

Jun 16, 2025

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE