| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| **DAVID R. PETE,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| versus § | |
| § | **CIVIL ACTION NO. 1:24-CV-00476-** |
| **UNITED STATES ATTORNEY** § | **MAC** |
| **GENERAL and UNITED STATES** § | |
| **ATTORNEY FOR THE EASTERN** § | |
| **DISTRICT OF TEXAS,** § | |
| § | |
| *Defendants*. § | |

**MEMORANDUM AND ORDER
ADOPTING THE REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE, AND DENYING PLAINTIFF'S MOTION**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. LOC. R. CV-72.

On June 17, 2025, the court overruled Plaintiff David R. Pete's objections (#24) and adopted (#25) the magistrate judge's recommendations (#22) to: (1) dismiss this case without prejudice because Pete failed to identify a valid waiver of sovereign immunity, thus depriving the court of subject matter jurisdiction; (2) deny Pete leave to amend his complaint because of the jurisdictional divesture; and (3) deny as moot both Pete's Motion for Default Judgment (#13) and his Motion to Compel Ruling on Default Judgment Request (#17). The court entered Final

Judgment (#26) accordingly the same day. Three days later on June 20, 2025, Pete filed an Amended and Restated Complaint (#28), construed as a post-judgment motion brought pursuant to Rules 59(e) and 60(b). On July 1, 2025, the magistrate judge entered a Report and Recommendation (#29) advising the court to deny Pete's motion because he failed to carry his burden under either Rule.

**I.  Plaintiff David R. Pete's Objections (#30) to the Report and Recommendation (#29) are Overruled**

On July 3, 2025, Pete filed timely objections (#30) to the Report and Recommendation (#29). A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. "Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

Pete objects first that the magistrate judge did not liberally construe his *pro se* motion as being brought under both Rule 59(e) and Rule 60(b). (#30 at 1–2.) Although Rule 59(e) ostensibly controlled Pete's unspecified motion because it was filed within 28 days of the entry of final judgment, *see* FED. R. CIV. P. 59(e), the magistrate judge charitably analyzed the motion under both Rules 59(e) and 60(b) "out of fairness," (#29 at 3). Pete's first objection is frivolously

2

incorrect, and therefore overruled. Pete's next objection appears to be that his constructive request for leave to amend is a satisfactory ground upon which to award Rule 59(e) relief. (#30 at 1.) Pete provides no legal support for that proposition, and the court sees no persuasive reason why a request for leave to amend a complaint over which the court has no subject matter jurisdiction serves Rule 59(e)'s "narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence." *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (quoting *Faciane v. Sun Life Assurance Co. of Can.*, 931 F.3d 412, 423 (5th Cir. 2019)); *see also Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981). Indeed, the magistrate judge recommended in the first report that the court was required to deny Pete leave to amend his complaint because of jurisdictional defects. (#22 at 9–10.) A recommendation, moreover, which Pete did not object to at the time. *See* (#s 24–25.) Pete's second objection is likewise overruled.

Thirdly, Pete nakedly objects that his "motion demonstrated excusable neglect and extraordinary circumstances warranting relief under Rule 60(b)(6)." (#30 at 1–2.) "Frivolous, conclusive or general objections" will not be considered by the court. *Nettles*, 677 F.2d at 410 n.8. Lastly, Pete claims that, "[b]y denying reinstatement, the [Report and Recommendation] deprives [him] of his due process rights to choose his forum anew after a dismissal without prejudice" because "Rule 41(a)(1)(A)(i) … is self-effectuating, places [him] in the same legal position as if the suit has never been filed, and cannot be conditioned on refiling restrictions." (#30 at 2.) This objection is based on a falsehood: the court dismissed Pete's lawsuit pursuant to Rule 12(h)(3); it was not terminated under Rule 41(a)(1)(A)(i). (#25 at 3.) The court overrules Pete's third objection.

**II.     Plaintiff David R. Pete's Motion for Electronic Filing and Fee Waiver (#31) is Denied**

Alongside his objections, Pete filed a Motion for Electronic Filing and Fee Waiver (#31), requesting permission to file documents electronically and what appears to be a blanket waiver of fees associated with prosecuting a lawsuit. It is not at all clear whether Pete's request is limited to this lawsuit, possible future lawsuits, or both. *See* (*id.*) Whichever combination best reflects his true intention, Pete's motion is denied. As for this lawsuit, Pete's objections (#30) are overruled and his requests for post-judgment relief under Rules 59(e) and 60(b) (#28) are denied. At this time, then, any interest in judicial economy justifying electronic filing no longer has relevant appeal for this court. If Pete intends to file an appeal in this lawsuit, then he must petition the Fifth Circuit to file electronically.[1] As for Pete's possible continuation *in forma pauperis* on appeal, that request is unripe as no notice of appeal has been filed in this case yet. That issue will be addressed if and when it arises. With respect to speculative future lawsuits, any concerns Pete harbors are simply unripe and will be evaluated on a case-by-case basis.

**III.    Order**

The court has conducted a *de novo* review of Plaintiff David R. Pete's objections (#30) consistent with the pleadings, briefing, and applicable law. *See* FED. R. CIV. P. 72(b). For the foregoing reasons, Plaintiff David R. Pete's objections (#30) are **OVERRULED**. The Report and Recommendation of the United States Magistrate Judge (#29) is **ADOPTED**.

Plaintiff David R. Pete's Amended and Restated Complaint (#28), construed as a Rule

---

[1] Pete may find *pro se* appellate instructions at **https://www.ca5.uscourts.gov/docs/default-source/default-document-library/pro-se-filer-instructions.pdf?sfvrsn=8f2dcb2d_12**.

59(e) and Rule 60(b) Motion, is **DENIED**.  Plaintiff David R. Pete's Motion for Electronic Filing and Fee Waiver (#31) is also **DENIED.**

SIGNED at Beaumont, Texas, this 11th day of July, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE